JOHN P. WAINRIGHT, Respondent, v. MISSOURI LUMBER & MINING COMPANY, Appellant.

Springfield Court of Appeals, May 8, 1911.

1. **MASTER AND SERVANT: Negligence: Contributory Negligence: Jury Question.** While in the employ of defendant, as a common laborer, plaintiff assisted in loading a large mud drum on a wagon, for the purpose of taking it to the machine shops. The drum was not chained down and the spaces between the sides of the drum and the standards of the wagon, were not braced so as to prevent the drum from moving. The foreman ordered the plaintiff and two other men to get on the wagon and steady the drum while it was being hauled. Plaintiff testified that he called the foreman's attention to the danger of hauling the drum without fastening the front with a chain, and that the foreman replied that there was no danger, for him to get on and that he would have other men follow and steady the drum from the rear. While hauling the drum the front wheel of the wagon dropped into a rut in the road, the drum rolled to one side, plaintiff was thrown to the

ground and his leg broken. It did not appear that the plaintiff had any knowledge of the rut in the road prior to the accident. The evidence is examined and held that the questions of the negligence of the defendant in loading the drum in the wagon and of the contributory negligence of plaintiff in riding on the drum, with the knowledge that it was not fastened, were for the jury under proper instructions.

2. PRACTICE: Demurrer to Evidence. A demurrer to the evidence admits every fact to be true which the evidence in the case tends to prove, whether by direct testimony or by reasonable deductions to be drawn therefrom.

3. INSTRUCTIONS: Negligence: Submitting Negligence Not Pleaded: Master and Servant. In an action for personal injuries to an employee, who was thrown from a wagon upon which a mud drum was being hauled, the specific negligence alleged in the petition was the carelessness and negligence of the defendant in loading the drum. *Held*, that it was improper to give an instruction to the jury, covering as an element of negligence, the failure of the foreman to have men walk behind and steady the drum.

4. MASTER AND SERVANT: Injury to Servant: Occupying Place of Danger: Negligence: Proximate Cause: Assurance of Safety. In an action for personal injuries to an employee, who was thrown from a wagon upon which a mud drum was being hauled, the plaintiff claimed that he called the foreman's attention to the danger of hauling the drum without fastening it to prevent rolling, and that the foreman replied there was no danger for he would have other men walk behind and steady the drum, and directed plaintiff to get on the wagon. *Held*, that if plaintiff was aware that the men did not walk behind, then the reason he gave as an excuse for taking the place of danger no longer existed and the case should be presented to the jury as if the foreman had made no such promise. On the other hand, if the men did walk behind the wagon and held the drum so negligently as to thereby permit it to roll, then that was the cause of the injury and not the improper loading. But if the men were unable to hold the drum and the injury was caused by defendant's negligence in loading, then plaintiff could recover, although he knew of the negligent loading, provided the jury found he had the right to and did rely on the assurances of the foreman that it would be safe with the men steadying the drum from behind.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

156 App.—33

REVERSED AND REMANDED.

*Lamar & Lamar, L. B. Shuck, W. J. Orr* and *J. H. Orr* for appellant.

(1) The petition alleges specific acts of negligence and it was error to instruct on other acts not pleaded. Gilber v. Railroad, 128 S. W. 791; McNamee v. Railroad, 135 Mo. 440; Waldheir v. Railroad, 71 Mo. 514; McGrath v. Transit Co., 94 S. W. 872; Evans v. Railroad, 121 S. W. 36; Anderson v. Railroad, 130 S. W. 82; Christian v. Ins. Co., 143 Mo. 469. (2) The court erred in refusing to direct a verdict for the defendant at the close of the evidence on part of plaintiff and again at the close of all the evidence. Jackson v. Mining Co., 132 S. W. 306; Heinz v. Boiler Works Co., 132 S. W. 310; Anderson v. Railroad, 130 S. W. 82. (3) There was no casual connection between the things complained of and the accident. See the following cases illustrating this point, many of which are stronger on the facts for the plaintiff than the case at bar. Foley v. McMahan, 114 Mo. 442; King v. Railroad, 211 Mo. 1; Coin v. Lounge Co., 121 S. W. 1; St. Clair v. Railroad, 34 S. W. 76; Evans v. Railroad, 17 Mo. App. 624; Lowery v. Railroad, 40 Mo. App. 554; Grattis v. Railroad, 153 Mo. 389; McGrath v. Railroad, 197 Mo. 97; Warner v. Railroad, 178 Mo. 133; Hodges v. Railroad, 116 S. W. 1131; Bradley v. Railroad, 64 Mo. App. 475; Lawrence v. Ice Co., 119 Mo. App. 328; Jackson v. Railroad, 157 Mo. 621; Railroad v. Tritts, 108 S. W. 841; Quisenberry v. Railroad, 126 S. W. 182.

*Orchard & Cunningham* and *Dooley, Hiett and Millard* for respondent.

(1) It is firmly settled that the intervention of a third person or of other and new causes does not preclude a recovery, if the injury was the natural and probable result of the original wrong. Billman v. Railroad,

76 Ind. 168; Railroad v. Krinning, 87 Ind. 355. (2)
Everything which induces or influences an accident does
not necessarily and legally cause it, there can be no
fixed rule defining a proximate cause, much must depend
upon each cause. Spaulding v. Winslow, 74 Mo. 535;
Jucker v. Railroad, 52 Wis. 153; 1 Joyce on Damages,
sec. 86. (3) The rule is that negligence is not imput-
able to a person for failing to look out for a danger,
when under the surrounding circumstances the person
sought to be charged with it had no reason to suspect
that danger was to be apprehended. Langon v. Rail-
road, 72 Mo. 398. (4) Appellant and respondent tried
the case on the same theory. The rule is that when that
is the case appellant must stand or fall by the theory
on which he tried and submitted his case to the trial
court, and cannot raise issues not raised in the court be-
low. Walker v. Owen, 79 Mo. 567; Black v. Railroad,
172 Mo. 196; Land Co. v. Zeitler, 182 Mo. 265; St. Louis
v. Glover, 210 Mo. 502. (5) It is the duty of the em-
ployer not only to furnish the employee a reasonably
safe place to work, but to see that such place is kept
in that condition. Zellars v. Water & Light Co., 92 Mo.
App. 117; Doyle v. Trust Co., 140 Mo. 15; Koerner v.
Car Co., 200 Mo. 158. (6) When the foreman in charge
of hands on a railroad ordered an employee to do an
act at a time and under circumstances which rendered
the doing of the act extra hazardous, the company was
liable unless to obey the order was plainly to imperil
life. Stephens v. Railroad, 86 Mo. 229; 96 Mo. 221;
Doyle v. Trust Co., 140 Mo. 19; Hester v. Packing Co.,
95 Mo. App. 23; Adams v. Harvester Co., 95 Mo. App.
118; Buckner v. Horse & Mule Co., 221 Mo. 710. (7)
Before the court can declare as a matter of law that a
servant was guilty of contributory negligence, preclud-
ing a recovery for injuries sustained while performing
work in obedience to the express orders of his master,
the court must hold, that when the master ordered the
servant to do the work, the latter must have known

that to do so would probably be attended with injury to himself, and that he could not avoid it by the exercise of due care; that such danger was so obvious that no man of ordinary prudence would have attempted it, but would have abandoned the service of the master rather than undertake the manner of the work. Halliburton v. Railroad, 58 Mo. App. 33; Monnahan v. Clay & Coal Co., 58 Mo. App. 73; Lucey v. Oil Co., 129 Mo. 40; Robinson v. Railroad, 133 Mo. App. 120; Burkard v. Rope Co., 217 Mo. 479.

GRAY, J.—This action was instituted in Shannon county by the respondent, to recover damages for personal injuries received by him while in the employ of the appellant. The cause was tried in Texas county, where it had been taken on change of venue, resulting in a judgment for the plaintiff for $1500, from which the defendant appealed.

On the 17th day of December, 1909, plaintiff was in the employ of the defendant as a common laborer at West Eminence. On that day it became necessary to take a mud drum to the machine shop of the defendant, to have it repaired. The drum was about twenty-eight feet long; about two feet through, and six feet in circumference; was round, hollow, and weighed about 3000 pounds. At the time one Neislar was the foreman of the appellant in charge of said work. The foreman called upon the plaintiff and other common laborers, to load the drum on a wagon to be taken to the machine shop. The drum was loaded on the wagon and was not wide enough to fill the space between the standards, and no braces or stays were placed between the sides of the drum and the standards. After the drum was loaded, Neislar ordered three or four of the men to get on the wagon and steady it.

The plaintiff further claims that at the time the drum was loaded, he called the foreman's attention to the fact that it was dangerous to try to move it without

fastening the front down with a chain; that the foreman replied: "Get on, there is no danger," and further stated to plaintiff that there were just fifteen minutes to get the drum to the shop, and he would have the other hands follow and steady the drum from the rear.

The evidence further shows that the plaintiff and two others got on the front end of the wagon to steady or hold the drum and after the wagon had gone about one hundred yards, the front wheel dropped into a rut or depression in the road, and the drum rolled to one side and thereby the plaintiff and the other persons riding on it were thrown to the ground, and plaintiff's leg was broken by the wheel of the wagon running over it.

The petition alleges: "Said mud drum was so carelessly and negligently loaded on said wagon as to permit it to roll from side to side between the standards of the wagon, and that no braces or stays were placed on either side of the mud drum and the standards of said wagon to keep it from rolling from side to side; that no binding chains or other fastenings were attached to the front end of said mud drum to fasten it and secure the front end of same to the front axle to prevent tilting up and rolling over; that there were horses attached to the wagon on which the mud drum was loaded to pull said wagon and mud drum to the machine shops; that after said mud drum was loaded onto said wagon as aforesaid, the defendant's vice principal ordered this plaintiff and two other employees to get on the front end of the said mud drum and ride it to keep it from tilting up; that this plaintiff protested and told the defendant's vice principal and agent that the mud drum was not properly loaded and he did not want to ride the same, but that the agent and vice principal of defendant told plaintiff that there was no danger, and that there was no time to lose, and that he would have the other employees get behind and steady said mud drum and keep it from tilting and rolling, and plaintiff relying on the

statements, representations and assurances of the said vice principal, got on the front end of said mud drum, together with the two other employees of defendant to keep it from tilting up or rolling; that after plaintiff and the two other employees got on said mud drum to ride the same for the purposes aforesaid, the team was started up, and after getting a distance of about one hundred and fifty yards, said mud drum being so negligently, carelessly and improperly loaded, rolled to one side turning about one-third the way over, thereby throwing this paintiff and other employees off of the said drum."

The answer was a general denial, a plea of contributory negligence, and assumed risk.

The appellant's first assignment of error is that the court should have sustained a demurrer to plaintiff's testimony. "It is elementary law in this state that a demurrer admits every fact to be true which the evidence in the case tends to prove, whether by direct testimony or by reasonable deductions to be drawn therefrom." [Trout v. Laclede Gas Light Co., 132 S. W. 58.]

The plaintiff's evidence tends to prove that the heavy, round drum was placed on an ordinary wagon, and that it did not fill the space between the standards, and was not fastened in any manner. It is apparent, and a matter within the common knowledge of every person, that such an object was likely to roll or shift from side to side, if the wagon wheels passed over an obstruction, or dropped into a rut. And it is equally apparent that parties riding on the drum and holding to the front end of it, were liable to be thrown or rolled off, if the drum rolled. On the other hand, such a drum might ride on the wagon over a level piece of ground without rolling, if the men steadied it. The evidence shows that the drum could have been, by the exercise of ordinary care, chained or otherwise fastened on the wagon, so there would have been no danger to the men in moving it. According to plaintiff's testimony, the foreman's attention was called to the danger of moving the

drum without fastening it to the wagon. The testimony does not show, however, that plaintiff knew of the condition of the road, or whether it was free from ruts or obstructions. He was a common laborer, and there was nothing shown which made it his duty to know the condition. The foreman who undertook to have the drum moved, was required to exercise ordinary care to move it without injury to the men under him.

We cannot say, as a matter of law, that the defendant was not guilty of negligence in loading the drum without taking any precautions by bracing or fastening it to the wagon to keep it from rolling. And we cannot say, as a matter of law, that the plaintiff was guilty of contributory negligence in riding on the drum, under the circumstances, with the knowledge that it was not fastened in any way. We are of the opinion that both of these were for the jury under proper instructions.

In order to hold plaintiff guilty of contributory negligence, he must have acted with knowledge of all the the facts. If he knew that the road was rough and the wheels were liable to drop into a rut, then there might be some force in the charge that he was guilty of contributory negligence. But plaintiff's evidence only shows that when he called the foreman's attention to the fact that the drum was not fastened, that the foreman said: "Go ahead, it is all right," and he would have some of the men ride on the front end of the drum to keep it from tilting, and others walk behind and steady it.

The evidence failing to show that plaintiff had any knowledge of the rut in the road, it cannot be said, as a matter of law, that he was guilty of contributory negligence, as in all probability the drum would have been moved in safety had the wheel not dropped into a rut. The statement of the foreman, if made, was one of assurance to the plaintiff, and plaintiff states that he got on the drum, relying on the statement, and believing if the men walked behind and steadied the drum, it would

not roll. The court did not err in refusing the demurrer to the evidence.

In behalf of the plaintiff the court gave the following instruction: "The court instructs the jury that if you believe and find from the evidence that William R. Nieslar, the foreman and vice principal of the company, ordered the plaintiff and others to get on the mud drum and ride it for the purpose of steadying it and keeping it from tipping up in front, and that the plaintiff protested against riding it, for the reason it was not properly loaded, and that the said Nieslar told the plaintiff and others to get on and ride it and that he would have other employees go behind and steady the mud drum, and that plaintiff relying upon such representations, did get on said mud drum, and if said Nieslar failed to have said employees go behind and steady said drum and if, by reason of its being improperly loaded, and not properly stayed and not steadied behind by such employees, was thrown from and injured, then plaintiff is entitled to recover and you will return a verdict in his favor for a sum not exceeding $5000."

The specific ground of negligence alleged in the petition, was the carelessness and negligence of the defendant in loading the drum. There was no allegation that the drum was not steaded by the employees, and that plaintiff was injured thereby, and a careful reading of the testimony shows that plaintiff's right to recover is based solely upon the ground of the failure of the defendant to fasten the drum on the front end of the wagon, either by a chain or by bracing it so that it would not roll. The plaintiff testified that he rode on the drum because he relied on the superior knowledge of his foreman, that if the men walked behind and steadied it, he could do so with safety. In short, it was the theory of his pleading and proof that the drum was negligently loaded, and that he had knowledge of the fact and the danger of riding on it, and protested to the foreman, and

that the foreman led him to believe that if the men walked behind and held it, the danger would be removed, and that he relied on such assurance, and the drum rolled and injured him, not because the men failed to walk behind and steady it, but because of the negligence of the defendant in loading the same.

The instruction, therefore, was wrong in submitting to the jury as an element of negligence, the failure of the foreman to have the men steady the drum. The only reason for admitting the testimony regarding the men walking behind the wagon and holding the drum, so far as plaintiff was concerned, was to meet the defendant's charge of contributory negligence. When the plaintiff testified that he knew the drum had been carelessly loaded, and that it was dangerous to ride on it for that reason, he furnished the evidence necessary to submit to the jury the defense of contributory negligence. And if he had offered no further testimony, the jury, would have been authorized to find the verdict against him. To meet this situation, he offered the testimony that he rode on the drum because the foreman promised that he would have the men walk behind the wagon and hold it, and that the foreman assured him that it would be all right. He did not claim that he relied on the statement of the foreman, that the drum was loaded all right, but on the assurance that it would be all right with the other men walking and holding it. His testimony was to the effect that the men did hold the drum and that he looked back at least twice after the wagon started, and saw they were doing so.

The defendant's testimony was to the effect that nothing was said by plaintiff about the danger of riding on the drum, and nothing was said about men walking and holding it, and in fact, none of them did. The fact is, it was not the theory of either party that the injury was caused by the negligence or failure of the men who walked behind the wagon. The defendant's testimony denying the conversation, was admitted for the sole pur-

pose of meeting the evidence of plaintiff offered as an excuse for riding on the drum when he was fully aware of the danger in so doing.

If the men did not walk behind the wagon and hold the drum and plaintiff was aware of the fact, then all the reason he gave as an excuse for taking the place of danger no longer existed, and his case was to be presented to the jury as if the foreman had made no such promise. On the other hand, if the men did walk behind the wagon and hold the drum, but did so negligently and thereby permitted the drum to roll, then plaintiff's injury was due to that negligent act, and not the failure to properly load.

But if the men were unable to hold the drum, and plaintiff's injury was caused by the failure of the defendant to exercise ordinary care in the loading of the same, then plaintiff was entitled to recover, notwithstanding he knew of the negligent loading and the danger to him, provided the jury found he had the right to and did rely on the assurance of the foreman that it would be all right with the men walking and steadying the drum.

The instruction undoubtedly submitted to the jury a theory inconsistent with and contradictory of the plaintiff's pleading and proof. And the giving of it was error for which the judgment must be reversed and the cause remanded. All concur.